IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AARON ARAGON and
MARLO ARAGON,

       Plaintiffs,

vs.                                  No. CIV 10-0563 JB/RHS

THE SAN JOSE DITCH ASSOCIATION,
AUGUSTINE GARCIA, individually and
in his official capacity, ARNOLD TRUJILLO,
individually and in his official capacity,
and DARRELL HERRERA, individually and
in his official capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion for Order Compelling Discovery,

filed August 18, 2011 (Doc. 57)("Motion").  The Court held a hearing on October 5, 2011.  The

primary issues are: (i) whether the Court should order the Defendants to amend their answers to

interrogatories; and (ii) whether the Court should award Plaintiffs Aaron Aragon and Marlo Aragon

their attorney's fees incurred in preparing this Motion.  The Court, after careful review of the record

and the parties' arguments, will grant A. and M. Aragon's Motion for amended answers to their

interrogatories but deny their Motion for attorney's fees.

**PROCEDURAL BACKGROUND**

A. and M. Aragon forwarded their Second Set of Interrogatories to the Defendants on June

17, 2011.  See Certificate of Service, filed June 27, 2011 (Doc. 47).  In mid-July, A. and M. Aragon

agreed to extend the Defendants' deadline to respond to their discovery requests to August 9, 2011.

See Motion at 2.  The Defendants did not object to A. and M. Aragon's interrogatories.  See Motion

at 2.  The Defendants did not provide discovery responses until August 12 and 15, 2011.  <u>See</u> Motion at 2.

On August 15, 2011, A. and M. Aragon notified the Defendants that A. and M. Aragon needed clarification of the Defendants' answers to some of the interrogatories.  <u>See</u> Defendants' Response to Motion for Order Compelling Discovery at 5, filed September 7, 2011 (Doc. 74)("Response").  A. and M. Aragon informed the Defendants that A. and M. Aragon would file a motion to compel if they did not receive the clarifications by August 17, 2011.  <u>See</u> Response at 5. A. and M. Aragon set the deadline for clarifications for August 17, 2011, because the deadline for discovery motions was August 18, 2011.  <u>See</u> Plaintiffs' Reply to Defendants' Response to Motion for Order Compelling Discovery at 2, filed September 15, 2011 (Doc. 78)("Reply").  Because they did not receive the Defendants' supplemental answers by August 17, 2011, A. and M. Aragon filed their Motion for an order compelling discovery on August 18, 2011.  <u>See</u> Reply at 3.  A. and M. Aragon received the Defendants' supplemental answers on September 2, 2011.  <u>See</u> Reply at 3.

A. and M. Aragon filed their Motion seeking an order compelling discovery and an award of attorney's fees.  <u>See</u> Motion at 1, 7.  A. and M. Aragon contend that: (i) the Defendant San Jose Ditch Association's answer to Interrogatory No. 21 does not provide specific facts relevant to the Defendants' allegation that A. and M. Aragon's predecessors in interest abandoned their obligations to the Ditch Association from 1912 to 1939; (ii) the Ditch Association's answer to Interrogatory No. 23 does not identify other persons that were allowed to pay ditch delinquencies and does not explain the basis for allowing payment of ditch delinquencies but not lake delinquencies; (iii) the Ditch Association's answer to Interrogatory No. 25 does not identify all the successors in interest to the

Lino Sanchez tracts;[1] (iv) Defendant Augustine Garcia's answer to Interrogatory No. 11 does not identify the tracts irrigated by A. Garcia's family members; (v) Defendant Arnold Trujillo's answer to Interrogatory No. 24 does not identify the tracts irrigated by A. Trujillo's family members; and (vi) Defendant Darrell Herrera's answer to Interrogatory No. 11 does not identify the tracts irrigated by D. Herrera's family members.  See Motion at 2-7.  A. and M. Aragon also seek an award of the attorney's fees they incurred preparing their Motion.  See Motion at 7.

The Defendants filed their Response on September 7, 2011.  See Defendants' Response to Motion for Order Compelling Discovery, filed September 7, 2011 (Doc. 74)("Response").  The Defendants argue that they have provided all of the information and details that they have.  See Response at 3-7.  The Defendants also argue that the Court should deny A. and M. Aragon's request for attorney's fees, because A. and M. Aragon's counsel did not make a good-faith effort to resolve the issues with the Defendants' counsel before filing a motion to compel.  See Response at 7.

A. and M. Aragon filed their Reply on September 15, 2011.  See Plaintiffs' Reply to Defendants' Response to Motion for Order Compelling Discovery, filed September 15, 2011 (Doc. 78)("Reply").  A. and M. Aragon state that they received the Defendants' supplemental answers on September 2, 2011, and that the Defendants' answers "are still deficient."  Reply at 3.  A. and M. Aragon also contend that, "[i]f Defendants believed there was a simpler and better way [than a

---

[1]The Defendants contend that, in or about 1939, Lino Sanchez, who owned a parcel of land with water rights off the San Jose Ditch, near Ledoux, New Mexico, incurred and did not pay delinquencies to the Ditch Association, and thereby forfeited his water rights and ditch membership.  See First Amended Complaint ¶¶ 13, 15, at 3-4, filed July 17, 2011 (Doc. 52).  Tony Aragon purchased the property in 1962 and, on multiple occasions thereafter, attempted to pay any outstanding delinquencies, but the Ditch Association refused payment.  See First Amended Complaint ¶ 21(x), at 10.  A. and M. Aragon purchased a parcel in 2003 from T. Aragon.  See First Amended Complaint ¶ 13, at 3.

motion to compel] of resolving [the discovery issues], they had an obligation to contact Plaintiffs." Reply at 6.

The Court held a hearing on October 5, 2011. See Clerk's Minutes, filed October 5, 2011 (Doc. 88). After hearing the parties' preliminary comments, the Court asked the parties to address the Defendants' response to Interrogatory No. 21. See Federal Digital Tape Recorder at 9:16:50-55 (August 5, 2011)(Court)("FTR"). A. and M. Aragon's counsel indicated that Interrogatory No. 21 requested information regarding delinquencies for the period 1912 through 1939, but after reviewing the documents that the Defendants provided, she did not find any mention of delinquencies or other actions of abandonment before 1939. See FTR at 9:16:55-18:04 (Ode). The Defendants' counsel responded, indicating that the Ditch Association records show which members paid their dues and that the absence of a member's name indicates that member did not pay his dues. See FTR at 9:20:17-21:40 (Waltz). The Court ordered that the Defendants amend their answer to Interrogatory No. 21. See FTR at 9:24:05-19 (Court). The Court instructed the Defendants that, if the Defendants are relying on the option in rule 33(d) of the Federal Rules of Civil Procedure of producing business records in response to the Interrogatory, then the Defendants must specify the records in sufficient detail to enable A. and M. Aragon to readily locate those records. See FTR at 9:24:19-25:33 (Court).

The Defendants need to identify the documents by Bates numbers or by other identification so that there is no question about the data upon which the Defendants are relying. At trial, the Court will not allow the Defendants to introduce any evidence but those documents clearly identified to prove delinquencies for the period from 1912 through 1939. On the other hand, given the Defendants' oral response at the hearing, it appears that the Defendants are not relying solely on

documents, but on the absence of information.  Accordingly, they need to include that information in a sworn answer that can be read to the finder of fact without reference to documents.  The Court then instructed the Defendants that, if the Defendants are not relying on rule 33(d), the Defendants need to amend their answer stating under oath why the documents that they produced show that A. and M. Aragon's predecessors in interest abandoned their rights.  <u>See</u> FTR at 9:25:33-28:04 (Court).

The Court next asked the parties to address the Defendants' response to Interrogatory No. 23.  <u>See</u> FTR at 9:31:45-48 (Court).  A. and M. Aragon's counsel stated that the Defendants' answer did not address their interrogatory, which requested the basis for allowing payment of ditch delinquencies but not payment of lake delinquencies.  <u>See</u> FTR at 9:31:49-34:07 (Ode).  The Defendants' counsel responded that the Ditch Association commissioner who provided the answer provided his opinion, speculating that, during the last seventy years, some members were permitted to pay because they made an effort to show up on a regular basis and made payments upon demand. <u>See</u> FTR at 9:34:08-36:18 (Waltz).  The Defendants' counsel also stated that the Ditch Association's commissioner has no information regarding lake delinquencies and, therefore, his answer is as complete as it can be.  <u>See</u> FTR at 9:34:08-36:18 (Waltz).  The Court ordered that the Defendants' amend their answer to Interrogatory No. 23.  <u>See</u> FTR at 9:37:30-35 (Court).  The Court instructed the Defendants that their amended answer needs to be self-contained, and if they have no other information responsive to Interrogatory No. 23, their answer should expressly say so.  <u>See</u> FTR at 9:38:45-40:16 (Court).  At trial, they will not be able to provide any information not in their answer.

The Court then asked the parties to address the Defendants' response to Interrogatory No. 25.  <u>See</u> FTR at 9:40:18-25 (Court).  A. and M. Aragon's counsel stated that the Defendants' answer -- "[t]he Acequia is uncertain as to each successor in interest of Lino Sanchez" -- is not responsive

to Interrogatory No. 25, which asks the Defendants to identify all successors in interest to the Lino Sanchez tracts.  See FTR at 9:40:26-42:30 (Ode).  The Defendants' counsel responded that the Ditch Association does not know the identity of successors in interest of Lino Sanchez.  See FTR at 9:42:32-43:43 (Waltz).  The Court stated that the use of the phrase "uncertain as to each successor" is ambiguous and ordered the Defendants to amend their answer, which should state specifically what the Defendants know and what they do not know.  See FTR at 9:47:27-48:55   (Court).

A. and M. Aragon's counsel stated that the only remaining issue[2] was that the individual Defendants provided maps indicating the acreage they irrigated, but did not indicate the acreage that the individual Defendants' family members irrigated, as the interrogatories to the individual Defendants requested.  See FTR at 9:48:56-52:25 (Ode).  The Defendants' counsel responded that A. Garcia's answer is complete, because there are no other lands that can be or need to be identified in answer to this interrogatory.  See FTR at 9:52:31-54:23  (Waltz).  The Court ordered the three individual Defendants to file an amended answer instructing them that, if the family members do not own acreage that is irrigated, the amended answer needs to state that.  See FTR at 9:56:05-57:17; 10:01:00-03:18 (Court).

A. and M. Aragon's counsel then stated that she believed that the Court should require the Defendants to pay her attorney's fees for preparing the Motion to compel discovery.  See FTR at

---

[2]A. and M. Aragon's counsel later stated that A. Trujillo did not use the proper format -- putting the sworn answer immediately under the question -- when answering the interrogatories to him.  See FTR at 9:57:28-53 (Ode).  See also D.N.M.LR-Civ.26(b)(1) ("The party answering, responding, or objecting to a discovery request must either set forth the answer, response or objection in the space provided or quote fully each interrogatory or request before any answer, response or objection").  The Defendants' counsel agreed that A. Trujillo would use the proper format in his amended answer.  See FTR at  9:58:11-22  (Waltz).  The Court stated that it would require A. Trujillo to use the proper format.  See FTR at 9:58:24-26 (Court).

9:58:35- 50 (Ode).  The Defendants' counsel responded that an award of attorney's fees is not appropriate, because A. and M. Aragon's counsel could have resolved these issues by corresponding with the Defendants' counsel rather than by filing a motion to compel.  See FTR at 10:03:38- 06:12 (Waltz).  The Court stated that it was inclined not to grant attorney's fees, but would review the facts and the transcript before making a final decision on attorney's fees.   See FTR at 10:06:52-07:46 (Court).

The Court set a deadline, to which counsel for all parties agreed, of Wednesday, October 19, 2011, for the Defendants to submit their amended answers.  See FTR at 10:08:50-09:12 (Court).

## LAW REGARDING ANSWERS TO INTERROGATORIES

Interrogatories must be answered: "(A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party."  Fed. R. Civ. P. 33(b)(1).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  If the answer to an interrogatory may be determined by examining a party's business records, "and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  Fed. R. Civ. P. 33(d).

## LAW REGARDING MOTIONS TO COMPEL

A party may move for an order compelling disclosure or discovery.  However, the "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court

action." Fed. R. Civ. P. 37(a)(1).  A party seeking discovery must give reasonable notice to the

other parties that it intends to file a motion to compel.  See Fed. R. Civ. P. 37 advisory committee

note (2007 Amendment).[3]  See also Holcomb v. Allis-Chalmers Corp., 774 F.2d 398, 401 (10th Cir.

1985)(concluding that the district court's order compelling discovery did not comply with rule 37,

because the district court issued the order without reasonable notice).

## LAW REGARDING ATTORNEY'S FEES

If the Court grants a motion to compel a discovery response, "the court must, after giving

an opportunity to be heard, require the party or deponent whose conduct necessitated the motion,

the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred

in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  The Court must not

order payment, however, if: "(i) the movant filed the motion before attempting in good faith to

obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

response, or objection was substantially justified; or (iii) other circumstances make an award of

expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).

## ANALYSIS

A. and M. Aragon contend that: (i) the Defendants' answers to certain interrogatories are

_____

[3]Before the Supreme Court of the United States amended rule 37 of the Federal Rules of Civil Procedure in 2007, rule 37(a) stated:  "A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . ."  After the Supreme Court amended it in 2007, rule 37(a)(1) now states:  "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  The Supreme Court's omission of the word "reasonable" in the amended rule does not eliminate the requirement for reasonable notice.  See Fed. R. Civ. P. 37 advisory committee notes (2007 Amendment)(stating: "The language of Rule 37 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only.").

incomplete and ask the Court to compel the Defendants to provide complete answers; and (ii) the

Court should award them attorney's fees incurred in preparing their motion to compel.   The

Defendants argue that: (i) their answers are complete and that they have no other information

responsive to those interrogatories; and (ii) that an award of attorney's fees is not appropriate,

because a motion to compel was not necessary, as the Defendants could have clarified their answers

by correspondence with A. and M. Aragon's counsel.  The Court finds that the Defendants' answers

need clarification and orders the Defendants to amend their answers.  The Court concludes that an

award of fees is not appropriate.

I.      **THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR ANSWER TO A. AND M. ARAGON'S INTERROGATORY NO. 21 TO THE DITCH ASSOCIATION.**

A. and M. Aragon ask the Court to order the Defendants to provide specific facts in response

to Interrogatory No. 21 to the Ditch Association, which states:

> State all facts that support your allegation, in paragraph 9 of Defendants' Answer to
> Complaint, that "starting in approximately 1912 and continuing for approximately
> 50 years . . . Plaintiffs' and Tony Aragon's predecessors in interest . . . knowingly
> and willingly abandoned their obligations to the [Acequia de San Jose], including
> their rights to use the Acequia . . . ." State in particular all facts that support your
> allegation that they did so during the period 1912-1939.

Interrogatory No. 21 at 5, filed August 18, 2011 (Doc. 57-1).  The Defendants' Answer states: "The

Acequia Records, which you have copies, taken as a whole, each and every page, demonstrates that

Plaintiff and Tony Aragon Predecessors in interest abandoned their obligation and rights to use the

Acequia.  Dr. Romero's report and testimony also supports this."  Answer to Interrogatory No. 21

at 5, filed August 18, 2011 (Doc. 57-1).  A. and M. Aragon's counsel stated that she reviewed the

documents that the Defendants provided but did not find  any mention of delinquencies or other

actions of abandonment before 1939.  See FTR at 9:16:55-18:04 (Ode).

The Defendants' counsel responded, stating that those records show which members paid their dues and that the absence of a member's name indicates that member did not pay his dues.  <u>See</u> FTR at 9:20:17-21:40 (Waltz).

The Defendants' answer does not fully respond to Interrogatory No. 21, because it is not clear to the Court that the Defendants' answer states specific facts that support the Defendants' allegation that A. and M. Aragon's predecessors in interest knowingly and willingly abandoned their right to use the Acequia during the period from 1912 to 1939.  <u>See</u> Fed. R. Civ. P. 33(b)(3)(stating that a responding party must "fully" answer each interrogatory).  If the Defendants are relying on the rule 33(d) option of producing business records, then the Defendants must specify the records in sufficient detail to enable A. and M. Aragon to readily locate those records. <u>See</u> Fed. R. Civ. P. 33(d)(stating that a responding party must specify the records that must be reviewed in sufficient detail to enable the interrogating party to readily locate and identify them).  If the parties are using Bates numbers, the Defendants must identify the documents on which they rely by numbers; if they are not using Bates numbers, the Defendants must identify the documents so specifically that there can be no dispute at trial about what documents  to which the Defendants are referring.  The Court will not allow at trial the Defendants to rely on or introduce documents on this issue that are not identified in the answer.  It appears, however, that the Defendants are not relying solely on documents, because they need to explain why the documents show what they are trying to say.  If the Defendants are not relying on rule 33(d), the Defendants need to amend their answer, stating under oath and in detail why the documents show that A. and M. Aragon's predecessors in interest abandoned their rights.  The Defendants still need to identify with specificity in any answer the documents on which the Defendants rely and to which they refer.  The Court will not allow the

Defendants to rely at trial on information not stated in their answer to the interrogatory related to the abandonment issue.

## II.     THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR ANSWER TO A. AND M. ARAGON'S INTERROGATORY NO. 23 TO THE DITCH ASSOCIATION.

A. and M. Aragon's counsel stated that the Defendants' answer did not address their interrogatory which requested the basis for allowing payment of ditch delinquencies but not payment of lake delinquencies. See FTR at 9:31:49-34:07 (Ode). A. and M. Aragon's Interrogatory No. 23 to the Ditch Association states:

> In response to Interrogatory No. 11, you indicated that "[t]hese persons were allowed to pay because they were ditch delinquencies and not lake delinquencies." Identify all persons who were allowed to pay, the amount of the delinquency paid, when it was paid, and the period for which it was owed, and state in detail the basis for allowing payment of "ditch delinquencies" but not "lake delinquencies."

Interrogatory No. 23 at 6, filed August 18, 2011 (Doc. 57-1). The Defendants' Answer states: "This information is being provided in the response to request for production to Arnold Trujillo." The Ditch Association's Answer to Interrogatory No. 23 at 6, filed August 18, 2011 (Doc. 57-1). A. Trujillo's response states: "A third set of old records identifies members that were allowed to pay and contains about six pages. It is my opinion that these members were allowed to pay because they made an effort to show up on an irregular basis or made an effort to pay upon demand." A. Trujillo's Answer to Interrogatory No. 23 at 9, filed August 18, 2011 (Doc. 57-5).

The Defendants' counsel responded that the Ditch Association commissioner who provided the answer provided his opinion, speculating that, during the last 70 years, some members were permitted to pay because they made an effort to show up on a regular basis and make payments upon demand. See FTR at 9:34:08-36:18 (Waltz). The Defendants' counsel also stated that the Ditch Association's commissioner has no information regarding lake delinquencies and, therefore, his

answer is as complete as it can be.  See FTR at 9:34:08-36:18 (Waltz).

The Defendants' answer to Interrogatory No. 23 refers to their answer to another interrogatory.  The answer to the other interrogatory provides A. Trujillo's opinion regarding why the Ditch Association permitted some persons to pay their delinquencies, but does not address the basis for allowing payment of ditch delinquencies but not lake delinquencies.  The Defendants' answers must be self-contained.  See Fed. R. Civ. P. 33(b)(1) (stating a responding party must answer each interrogatory separately).  If the Defendants have no other information regarding the basis for allowing payment of ditch delinquencies but not lake delinquencies, their answer should say so.  See Fed. R. Civ. P. 33(b)(1)(stating a responding party must answer each interrogatory fully).

## III.   THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR ANSWER TO A. AND M. ARAGON'S INTERROGATORY NO. 25 TO THE DITCH ASSOCIATION.

A. and M. Aragon's counsel stated that the Defendants' answer -- "[t]he Acequia is uncertain as to each successor in interest of Lino Sanchez" -- is not responsive to Interrogatory No. 25.  See FTR at 9:40:26-42:30 (Ode).  A. and M. Aragon's Interrogatory No. 25 to the Ditch Association states:  "Identify all successors in interest -- to the present -- to the Lino Sanchez tracts, as reflected on the attached Exhibit A and including all acreage owned by Lino Sanchez and made the basis of the 68.55 acres used to calculate his alleged delinquencies owed."  A. and M. Aragon's Interrogatory No. 25, at 6, filed August 18, 2011 (Doc. 57-1).

The Defendants' answer states:  "The Acequia is uncertain as to each successor in interest of Lino Sanchez.  Tony Aragon and Plaintiffs' [sic] have claimed to be successors in interest of Lino Sanchez."  The Defendants' Answer to A. and M. Aragon's Interrogatory No. 25 at 6, filed August 18, 2011 (Doc. 57-1).  The Defendants' counsel stated that the Ditch Association does not know

the identity of successors in interest of Lino Sanchez. <u>See</u> FTR at 9:42:32-43:43 (Waltz). The use

of the phrase "uncertain as to each successor" is ambiguous. The Defendants' answer should state

specifically what the Defendants know and what they do not know. <u>See</u> Fed. R. Civ. P.

33(b)(1)(stating a responding party must answer each interrogatory fully).

IV.     **THE COURT ORDERS THE DEFENDANTS TO AMEND THEIR ANSWERS TO
        A. AND M. ARAGON'S INTERROGATORY NO. 11 TO A. GARCIA,
        INTERROGATORY NO. 24 TO A. TRUJILLO AND INTERROGATORY  NO. 11
        TO D. HERRERA.**

        A. and M. Aragon's counsel stated that the answers to Interrogatory No. 11 to A. Garcia, No.

24 to A. Trujillo, and No. 11 to D. Herrera did not indicate the acreage the individual Defendants'

family members irrigated as the interrogatories to the individual Defendants requested. <u>See</u> FTR

at 9:48:56-52:25 (Ode). A. and M. Aragon's Interrogatory No. 11 to A. Garcia, Interrogatory No.

24 to A. Trujillo, and Interrogatory No. 11 to D. Herrera state:

> Identify all acreage irrigated by you or your family (wife, children, parents, uncles
> and aunts, brothers and sisters) on the attached Exhibit . . . . For each tract indicate
> the current owner of the tract, the previous owner of the tract, the family member
> irrigating the tract, and all periods when the tract has been irrigated.

Interrogatory No. 11 to A. Garcia at 3, filed  August 18, 2011 (Doc. 57-4), Interrogatory No. 24 to

A. Trujillo, filed August 18, 2011 (Doc. 57-5) at 6, and Interrogatory No. 11 to D. Herrera at 5, filed

August 18, 2011 (Doc. 57-6). The Defendants' counsel responded that  A. Garcia's answer is

complete, because there are no other lands that can be or need to be identified in answer to this

interrogatory. <u>See</u> FTR at 9:52:31-54:23 (Waltz). In other words, the Defendants contend that, if

a family member is not mentioned in the answer, then A. and M. Aragon should infer that those

unnamed family members do not irrigate any acreage.

        The Defendants' answers must state whether each family member irrigates acreage. <u>See</u> Fed.

R. Civ. P. 33(b)(1)(stating a responding party must answer each interrogatory fully).  If they do not have this information, then they must so state.  Specifically, the answer must state if family members do not irrigate any acreage.

## V.      THE COURT WILL NOT AWARD ATTORNEY'S FEES.

A. and M. Aragon believe that the Court should require the Defendants to pay their attorney's fees for preparing the Motion to compel discovery, because the Defendants did not fully and timely respond to A. and M. Aragon's discovery requests.  See FTR at 9:58:35- 50 (Ode).  The Defendants contend that an award of attorney's fees is not appropriate, because A. and M. Aragon's counsel could have resolved these issues by corresponding with the Defendants' counsel rather than filing a motion to compel.  See FTR at 10:03:38- 06:12 (Waltz).

The Court will not award attorney's fees to A. and M. Aragon, because under the circumstances in this case, such an award would be unjust.  See Fed. R. Civ. P. 37(a)(5)(A)(stating that a court must not order payment if other circumstances make an award of expenses unjust).  Here, A. and M. Aragon's counsel granted the Defendants' counsel an extension of the discovery deadline.  After reviewing the Defendants' answers and determining that she needed supplemental answers to clarify the Defendants' initial answers, A. and M. Aragon's counsel gave the Defendants' two days notice to supplement their answers.  When the Defendants failed to supplement their answers within the two-day period, A. and M. Aragon's counsel filed the motion to compel.  The Court understands that its deadline for discovery motions prompted both the two-day notice and A. and M. Aragon's counsel's decision to file the motion to compel.  Two days, however, is not a reasonable period of time for any attorney representing multiple defendants to comply with a request for supplemental answers.  Consequently, the Court will deny A. and M. Aragon's motion for

attorney's fees.

**IT IS ORDERED** that A. and M. Aragon's Motion for Order Compelling Discovery, filed August 18, 2011 (Doc. 57) is granted in part and denied in part.  The Court orders the Defendants to amend their answers to the interrogatories which the Court discusses in this Memorandum Opinion and Order.  The Court will not award attorney's fees.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Mary E. Humphrey
Connie Ode
Humphrey & Ode, P.C.
El Prado, New Mexico

  *Attorneys for the Plaintiffs*

Peter Thomas White
Santa Fe, New Mexico

*-- and --*

Fred J. Waltz
Taos, New Mexico

  *Attorneys for the Defendants*